STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ARNALDO SALINAS AND                             :
LIZ VELEZ-SALINAS,                              :
                                                :
    Plaintiffs,                                :
                                                :    12 CV 4483 (HB) (FM)
       - against -                             :
                                                :    **OPINION & ORDER**
KAMRAN MIRFAKHRAIE,                             :
                                                :
    Defendant.                                  :
------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

    Before the Court is Plaintiffs' motion to remand to the Bronx County Supreme Court, where the action was originally commenced.  Plaintiffs ask the Court to find the removal defective and remand the case to the original place of venue under 28 U.S.C. § 1447(c), asserting that the removal was untimely.  For the reasons that follow, Plaintiffs' motion to remand is DENIED.

## Background

    Plaintiffs Arnaldo Salinas and Liz Velez-Salinas, husband and wife (collectively "Plaintiffs"), seek damages related to personal injuries allegedly sustained by them in an automobile accident caused by Defendant Kamran Mirfakhraie ("Defendant").  Plaintiffs' complaint, served on March 5, 2012 and received by Defendant on March 8, 2012, did not specify the amount of damages claimed by Plaintiffs. Pankin Decl. Ex. 7.  On April 2, 2012, Defendant served an answer to Plaintiffs, along with a Request for Supplemental Demand for Relief pursuant to New York C.P.L.R. § 2017(c) setting forth the total damages to which Plaintiffs deem themselves entitled.  Plaintiffs responded on May 22, 2012 claiming damages up to $5 million for each Plaintiff. Pankin Decl. Ex. 16.  Following Plaintiff's supplemental demand, Defendant filed a notice of removal on June 8, 2012 from the state court to this Court pursuant to 28 U.S.C. § 1446(b). Pankin Decl. ¶ 14.  Plaintiffs are citizens of New York, and Defendant is a citizen of Connecticut. Kondulis Aff. ¶ 4.

## Discussion

    Under 28 U.S.C. § 1446(b), a defendant has thirty days to remove a case from a state court based on diversity jurisdiction after receiving a copy of the initial pleading.  However, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days

1

after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." With respect to the amount of controversy requirement, the Second Circuit has specifically held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Plaintiffs' complaint, which Defendant received on March 8, 2012, did not explicitly specify the amount of monetary damages. Nonetheless, Plaintiffs argue that Defendant's removal on June 8, 2012 exceeded the thirty-day limit under 28 U.S.C. § 1446(b), since Defendant "clearly possessed information which reflected that the amount in dispute on this matter is in excess of $75,000" at the time Defendant was served with Plaintiffs' summons and complaint. Pls.' Mem. Supp. Mot. Remand 6. In support, Plaintiffs refer to: (1) Defendant's earlier affidavit regarding having no excess insurance beyond the policy limits provided by Defendant's insurer GEICO in the amount of $100,000 per person and $300,000 per accident; and (2) GEICO's possession of medical records on one Plaintiff's wrist surgery. Pls.' Mem. Supp. Mot. Remand 6-7. Neither of these "papers", however, "explicitly specify the amount of monetary damages" sought by the Plaintiff as required by the Second Circuit. *Moltner*, 624 F.3d at 35.

As in this case, the defendant in *Moltner* filed a notice of removal only after the plaintiff stated the total amount sought in response to the defendant's Request for Supplement Demand for Relief. The Second Circuit found the removal to be timely although it was filed thirty days after the receipt of the complaint, explicitly preferring "a bright line rule" to an approach that would leave the parties disputing upon removal "whether the defendant should have known from the complaint that the jurisdictional threshold was met." *Id. See also Kogut v. Wal-Mart Stores*, *Inc*., No. 11 Civ. 747S, 2012 WL 2405201 (W.D.N.Y. June 25, 2012) (rejecting Plaintiff's hospital records as "other paper" because they did not explicitly specify the amount of damages sought as required under *Moltner*); *Noguera v. Bedard*, No. 11 Civ. 4893, 2011 WL 5117598, (E.D.N.Y. Oct. 26, 2011) (finding that amount in controversy could not be based on general allegations of severe and permanent injuries citing *Moltner*).

Plaintiffs filed motion to remand outside the thirty-day period required by 28 U.S.C. § 1447(c). The Court granted Plaintiffs' request for an extension in their letter of July 18, 2012, noting however that the motion should focus on documentary support with respect to whether the motion to

remand was timely. Because I deny the motion to remand on the merits, I decline to reach whether Plaintiff's motion to remand was timely.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand is DENIED. The Clerk of the Court is directed to close this motion and remove it from my docket.

SO ORDERED
August 24, 2012
New York, New York

*/s/ Harold Baer, Jr.*
Hon. Harold Baer, Jr.
U.S.D.J.

3